# IN THE UNITED STATES DISTRICT COURT FOR
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| PHILIP RAINEY and ) | |
| SARAH RAINEY ) | |
|     Appellants, ) | |
| ) | |
| v. ) | NO. 3:16-cv-03293 |
| ) | |
| TIMOTHY D. BINKLEY and ) | JUDGE CAMPBELL |
| PENNY LEWIS BINKLEY ) | |
|     Appellees. ) | |

## MEMORANDUM

Appellants appeal the final Bankruptcy Court's December 15, 2016 "Order Resolving Objections to Claim Numbers 3 and 4 and Determining Amount of Allowed Claim of Phillip and Sarah Rainey" (the "Order"). In the Order, the Bankruptcy Court determined Appellants held an allowable claim against Appellees in the amount of $9,075.00, based on the Appellants' claim for negligent misrepresentation. The claims of intentional misrepresentation, fraudulent concealment, and breach of contract were disallowed.

Appellants argue the Bankruptcy Court committed clear error when it found only negligent misrepresentation. Appellants allege the evidence established intentional misrepresentation, fraudulent concealment, and breach of contract. For the reasons set forth below, the judgment of the Bankruptcy Court is **AFFIRMED.**

### I. FACTS AND PROCEDURAL HISTORY

In 2007, Appellees sold real property located in Cheatham County, Tennessee to Appellants. (Tr. Vol. II, pp. 151). Appellees built the residence and lived there from 1991 until mid-2006. (Doc. 9, pp. 4). In 1992, a one-time flooding occurred in the basement of the property that left standing water that soaked the carpet in the basement. (Tr. Vol. II, pp. 154, 164). Before

purchasing the Property, Appellees completed and presented to Appellants a copy of a disclosure statement, for the purpose of disclosing all material defects and answering questions about the condition of the property in good faith. (Tr. Vol. II, pp. 154). Appellees were under a statutory duty to disclose the water damage and drainage problems to Appellants.[1] Section C, item 10 of the Disclosure Statement asked the seller if there was any flooding or drainage problems; Appellees selected "no". (Tr. Vol. II, pp. 154). Appellee Timothy Binkley acknowledged that while there was an instance of drainage problems, this occurred in the driveway and not inside the home. (Tr. Vol. II, pp. 155-56). Item 13 of the Disclosure Statement asked the seller to indicate if there was any water intrusion or standing water in the foundation or basement; Appellees left this box blank. (Tr. Vol. II, pp. 154-55).

Failure to provide disclosures required under Tennessee law[2] creates certain rights for a purchaser, such as recovering actual damages. (Tr. Vol. II, pp. 152-53). Six months after Appellees sold the home to Appellants, water intrusion caused Appellants to move from the home. (Tr. Vol. II, pp. 151). Appellants later sold the property at a foreclosure sale to the mortgage lender for $223,850.00 (Tr. Vol. II, pp. 170).

On August 20, 2008, Appellants filed a complaint in state court against Appellees and others. The complaint alleged negligent misrepresentation, intentional misrepresentation, fraudulent concealment, and breach of contract related to the water intrusion issues and other undisclosed issues with the property. Appellants settled claims against other defendants and their insurance company for a total of $60,000. (Tr. Vol. I, pp. 255, Tr. Vol. II, pp. 173). On October

---

[1] *See* T.C.A. §66-5-203.

[2] The Tennessee Residential Property Disclosure Act, codified at T.C.A. §66-5-203, requires certain disclosures from the seller.

12, 2015, Appellants filed claims in Appellees' Chapter 11 Bankruptcy proceeding. (Doc. 9 pp. 2).

The Bankruptcy Court conducted a two-day trial and found Appellees made negligent misrepresentations because they did not exercise reasonable care in obtaining or communicating information. (Tr. Vol. II, pp. 160). The Bankruptcy Court also found Appellants did not prove the elements of their claims for intentional misrepresentation, fraudulent concealment, or breach of contract. (Tr. Vol. II, pp. 158-61). After accounting for the $60,000 in settlements received by Appellants, the Bankruptcy Court found damages to be $9,075.00. (Tr. Vol. II, pp. 173).

## II. STANDARD OF REVIEW

The Court reviews the Bankruptcy Court's findings of fact for clear error, and its conclusions of law *de novo. Rembert v. AT&T Univ. Card Serv. (In re Rembert)*, 141 F.3d 277, 280 (6th Cir. 1998). A factual finding is clearly erroneous when the reviewing court is left with the definite and firm conviction on the entire evidence that a mistake has been made. *Id.* If a mixed question of law and fact exists the court "must break it down into its constituent parts and apply the appropriate standard of review for each part."*Wesbanco Bank Barnesville v. Rafoth* (*In re Baker & Getty Fin. Servs., Inc.*), 106 F.3d 1255, 1259 (6th Cir.1997).

## III. ISSUE ON APPEAL

Whether the Bankruptcy Court's findings of fact as to Appellants' claims for intentional misrepresentation, fraudulent concealment, and breach of contract were clearly erroneous under Tennessee's preponderance of the evidence standard.

## IV. ANALYSIS

### A. *Negligent Misrepresentation*

Appellants do not dispute the Bankruptcy Court found a basis for negligent misrepresentation under Tennessee law. Accordingly, the Court will not review that holding.

### B. *Intentional Misrepresentation*

Appellants challenge the Bankruptcy Court's finding that Appellees did not make intentional misrepresentations. Specifically, Appellants argue the evidence supported the conclusion that Appellees intentionally made false representations about prior water intrusion on the Disclosure Statement. (Doc. 9 pp. 24). Appellees argue facts presented to the Bankruptcy Court show only negligent misrepresentation. (Doc. 12, pp. 12).

When asserting a claim for intentional misrepresentation, a plaintiff must prove by a preponderance of the evidence the following elements:

> (1) The defendant made a representation of an existing or past fact; (2) that the representation was false when it was made; (3) that the representation involved a material fact; (4) defendant made the representation recklessly, with knowledge that it was false, or without belief that the representation was true; (5) that the Plaintiff reasonably relied on the representation; and (6) that they were damaged by relying on the representation.

*Hodge v.* Craig, 382 S.W.3d 325, 343 (Tenn. 2012); *Davis v. McGuigan*, 325 S.W.3d 149, 154 (Tenn. App. 2010).

Appellants focus their argument on the fourth element, asserting the Appellees knowingly made false representations about the water damage through the Disclosure Statement. Appellees checked "no" when asked about drainage issues, and did not respond when asked about past or present interior water intrusions or standing water in the basement or foundation. (Doc. 9 pp. 5). Appellants argue the evidence submitted to the Bankruptcy Court showed multiple layers of

paneling, mold, and cracks due to water damage, none of which was disclosed to Appellants prior to purchase. (*Id*).

The Bankruptcy Court found Appellees testimony credible concerning the explanation for their failure to disclose water damage on the Disclosure Statement. (Tr. Vol. II, pp. 159). Appellees acknowledged their the failure to indicate if there had been standing water in the foundation or basement, but testified that they contacted their real estate agent about that question, and did nothing further. (*Id*). Furthermore, Appellee Timothy Binkley testified that he misunderstood the question regarding the flooding and drainage issue and thought the question referred only to flooding outside.[3] (Tr. Vol. II, pp. 161).

Based on the facts presented during trial, the Bankruptcy Court found Appellants failed to prove intent by a preponderance of the evidence. Testimony shows Appellees did not intentionally withhold information about the water damage and drainage issues with the property, but instead forgot to follow up on the questions in the Disclosure Statement. Accordingly, the Bankruptcy Court's holding is supported by the evidence presented and was not clearly erroneous.

### C. Fraudulent Concealment

Appellants also challenge the Bankruptcy Court's conclusions that Appellees did not fraudulently conceal what they knew about the water intrusion and drainage issues and deliberately withheld those facts from the Appellants. (Doc. 9, pp. 5). Appellants further assert Appellees concealed the water damage in the basement with multiple layers of paneling. (*Id*). Appellees argue Appellants failed to establish Appellees possessed knowledge of the water damage, therefore the Bankruptcy Court properly denied the claim for fraudulent concealment. (Doc. 12, pp. 14).

---

[3] *See Cato v. Batts*, 2011 WL 579153, at *6 (Tenn. App. Feb. 17, 2011) (finding the Defendant did not intentionally deceive the Plaintiffs regarding the condition of the house and pool. Instead the court found Defendant was distracted or forgot due to her age and poor health).

To establish a claim under Tennessee law, a plaintiff must prove the following:

> (1) that the defendant took affirmative action to conceal the cause of action or remained silent and failed to disclose material facts despite a duty to do so; (2) that the plaintiff could not have discovered the cause of action despite exercising reasonable care and diligence; (3) that the defendant had knowledge of the facts giving rise to the cause of action; and (4) that the defendant concealed material facts from the plaintiff by withholding information or making use of some device to mislead the plaintiff, or by failing to disclose information when he or she had a duty to do so.

*Pero's Steak and Spaghetti House v. Lee*, 90 S.W.3d 614, 625 (Tenn. 2002) (citing *Shadrick v. Coker*, 963 S.W.2d 726 (Tenn. 1998)). In this case, the Bankruptcy Court held Appellants did not prove the third element by a preponderance of the evidence because Appellees did not take affirmative actions to conceal water damage and drainage issues from Appellants.[4] (Tr. Vol. II, pp. 161).

Appellants argue Appellees knew about the watermarks in the basement and took steps to install a second layer of paneling to conceal the water damage. Appellants eventually discovered the layers of paneling and the watermarks after the property flooded in 2008. (Doc. 9, pp. 8). However, the Bankruptcy Court relied on the deposition testimony of Appellee Timothy Binkley to show no concealment occurred.[5] In Mr. Binkley's deposition he was asked about the watermarks on the paneling and stated he did not remember water soaking into the paneling in 1992, but there was a possibility that it could have happened. (Tr. Vol. II, pp. 164). Mr. Binkley believed the flooding in 1992 was a one-time situation that was solved. (Tr. Vol. II, pp. 164-65). The

---

[4] *See Spence v. Miles Laboratories, Inc.*, 810 F. Supp. 952, 964 (E.D. Tenn. 1992) (finding that a plaintiff must show defendant took affirmative action or committed an overt act to conceal damages).

[5] The Bankruptcy Court noted the hearing testimony by Mr. Binkley was not satisfactory in regards to the second layer of paneling installed. The Bankruptcy Court noted the dispute had been pending for almost ten years, and the deposition was taken five years before the hearing. Instead of relying on the testimony during trial, the Bankruptcy Court relied on the 2011 deposition of Mr. Binkley to describe his actual knowledge of the watermarks on the paneling. *See* Tr. Vol. II, pp. 162-63.

Bankruptcy Court held that while Appellees should have known about the water soaking into the panel, they did not have actual knowledge of the water damage that was allegedly concealed. (*Id*).

The Bankruptcy Court did not commit clear error in concluding Appellants did not overcome the presumption that Appellees lacked knowledge about the water damage and layers of paneling, thus Appellants did not prove each element of their claim of fraudulent concealment.

### D. Breach of Contract

Appellants challenge the Bankruptcy Court's findings that Appellees did not breach the Purchase and Sale Contract (the "Contract") through misrepresentations on the Disclosure Statement. (Doc. 9, pp. 26). Specifically, Appellants argue the Disclosure Statement was incorporated into the Contract under T.C.A §66-5-203, and because of misrepresentations on the Disclosure Statement, the Contract was breached. (*Id*).

Under the Tennessee Residential Property Disclosure Act ("TRPDA") an owner of residential property is required to provide a property discloser statement to a purchaser. T.C.A. §66-5-201 *et. seq*. This disclosure statement must include any material defects in the property *known* by the owner. T.C.A. §66-5-204(a) (emphasis added). In some cases, the disclosure statement is referenced and made part of the contract. T.C.A. §66-5-203(a).

Tennessee courts established the following elements for a breach of contract: "1) the existence of an enforceable contract; (2) nonperformance amounting to a breach of the contract, and (3) damages caused by the breach of the contract." *Chadwick v. Spence*, 2004 WL 298367 at *5 (Tenn. App. Feb. 11, 2004). The parties do not dispute the existence of a contract. (Attachment #10). Appellants assert Appellees failed to perform by providing misrepresentations, an act that qualifies as nonperformance amounting to a breach of the contract. (*Id*).

Section 6 of the Contract references the Disclosure Statement, and Section 18 states that all references are incorporated into the Contract. (Attachment #10, pp. 5, 9); *see also* T.C.A. §66-5-203(a).[6] However, the Bankruptcy Court did not commit clear error by concluding that Appellees did not breach the Contract.

The Bankruptcy Court specifically credited Appellee Timothy Binkley's testimony that he had no knowledge of the water damage or drainage issue.[7] The Bankruptcy Court found Appellees did not breach the Contract because Appellees were only required to report *known* defects. Because the Bankruptcy Court did not commit clear error in finding there was no intentional misrepresentation or fraudulent concealment, Appellees did not breach the Contract by disclosing only the known defects in the property.[8] Appellants breach of contract claim was properly denied, thus they are not entitled to attorney's fees.

### E. Damages

The Bankruptcy Court's factual findings allowed Appellants' claim of $9,075.00. (Tr. Vol. II, pp. 167-177). The Court considered different approaches in calculating damages and discussed each approach. (*Id*). Ultimately, the Bankruptcy Court calculated damages by taking the price Appellants paid for the property and subtracting the amount the property was worth at the time of

---

[6] "The residential property disclaimer statement . . . may be included in the real estate purchase contract, in an addendum to the contract, or in a separate document." T.C.A. §66-5-203(a).

[7] This Court affords great deference to the Bankruptcy Court's determination of witness credibility. *In re Barrett*, 487 F.3d 353, 362 (6th Cir. 2007); *Holland v. Forester*, 2017 WL 6405111 at *5 (Tenn. App. Dec. 15, 2017) (citing *Haynes v. Lunsford*, 2017 WL446987 at *3 (Tenn. App. Feb. 2, 2017)).

[8] *See Holland*, 2017 WL 6405111 at *5 (finding there was no clear and convincing evidence in the record to overturn the trial court's findings that the Defendant did not know about the defects in the home).

foreclosure,[9] resulting in damages of $69,075.00. (Tr. Vol. II, pp. 171). The Bankruptcy Court then reduced the damages by $60,000 Appellants received in settlement from the insurance company and other defendants, for a total claim of $9,075.00. (Tr. Vol. II, pp. 173). Appellants argue the Bankruptcy Court should have awarded punitive damages.

Punitive damages are not recoverable as a matter of right, but rests within the sound discretion of the trier of fact. *Booth v. Kirk*, 381 S.W.2d 312 (1963). Punitive damages do not compensate a plaintiff, but are used to punish and deter a defendant from committing the same or similar acts again. *Goff v. Elmo Greer & Sons Const. Co., Inc.*, 297 S.W.3d 175, 187 (Tenn. 2009). Punitive damages should only be awarded if the defendant acted intentionally or recklessly. *See McLemore ex rel. McLemore v. Elizabethton Medical Investors, Ltd. Partnership*, 389 S.W. 764, 777 (Tenn. App. 2012).

In calculating damages for negligent misrepresentation, Tennessee uses the benefit of the bargain rule, which is "the difference between the actual value of the property received at the time of the making of the contract as compared to the value if the representations had been true." *Faerber v. Troutman & Troutman, P.C.*, 2017 WL 2691264 at * 9 (Tenn. App. Jun. 22, 2017) (citing *Cary v. Evans*, 1986 WL 6642, at *3 (Tenn. App. Jun. 12, 1986)). Here, the Bankruptcy Court found Appellees made negligent representations and correctly applied the benefit of the bargain rule in awarding damages of $9,075.00.

The Bankruptcy Court applied the correct standard for calculating damages, and punitive damages are not available to Appellants because intentional or reckless conduct did not occur.

---

[9] Appellants paid $308,000 for the Property. The Bankruptcy Court determined the property was worth between $223,850 and $254,000, based on the appraisal of the property and the foreclosure bid by the lender. The Court determined the average value of the property as $238,975. (Tr. Vol. II, pp. 170-71).

Appellees only acted negligently. Therefore, the Bankruptcy Court did not commit clear error in refusing to award punitive damages to Appellants.

V. CONCLUSION

After applying the relevant standard of review, the Bankruptcy Court's findings on the issue of negligent misrepresentation, intentional misrepresentation, fraudulent concealment, and breach of contract comport with Tennessee law and were not in clear error. The Bankruptcy Court correctly awarded damages of $9,075.00 for negligent misrepresentation. Accordingly, the Bankruptcy Court's "Order Resolving Objections to Claim Numbers 3 and 4 and Determining Amount of Allowed Claim of Phillip and Sarah Rainey" entered December 15, 2016, is **AFFIRMED** and the appeal is **DISMISSED**.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE